IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDRES JUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-189 |
| | § | |
| MR. ANDERSON, CORRECTIONAL OFFICER | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Andres Juarez, who was formerly in the custody of the Texas Department of Criminal Justice ("TDCJ"),[1] filed a complaint while incarcerated under 42 U.S.C. § 1983 alleging violations of his civil rights. Juarez, who proceeds *pro se* and *in forma pauperis*, was injured while washing the windows of a prison building. The undersigned judge's predecessor initially dismissed this case as time-barred (Dkt. 8). The Fifth Circuit vacated the judgment and remanded the case on the basis that the record was insufficiently developed for a determination by the Fifth Circuit on the limitations issue (Dkt. 23). In this Court's estimation, the case does appear to be time-barred, and the Court ordered Juarez to show cause why it should not be dismissed on that basis (Dkt. 34). The Court has received and considered Juarez's response (Dkt. 35) and will now **DISMISS** this case.

Juarez alleges that the defendant, Mr. Anderson (Juarez does not know his first name), a correctional officer, ordered Juarez to use a ladder to reach a prison building's second-floor

---

[1] Juarez's prisoner number while incarcerated was 01340121 (Dkt. 1 at p. 1).

windows over Juarez's objections and without giving Juarez the proper training. While Juarez was working, Anderson ordered the inmate who was holding the ladder base to retrieve additional cleaning supplies. The ladder began to fall away from the building, and Juarez fell from the ladder and sustained injuries. The incident took place on April 3, 2008 (Dkt. 32 at p. 7). Juarez signed his original complaint on May 8, 2013—more than five years later (Dkt. 1 at p. 7). Juarez claimed before the Fifth Circuit that he deposited a complaint with prison officials for mailing on August 27, 2012 (Dkt. 23 at p. 2). This Court never received that complaint.

A district court may raise the statute of limitations defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The court may then dismiss the action *sua sponte* after giving the parties "fair notice and an opportunity to present their positions." *See Day v. McDonough*, 547 U.S. 198, 210 (2006). The statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Even though the length of time the plaintiff has to file a lawsuit under Section 1983 is determined by state law, the point at which a claim under Section 1983 accrues is governed by federal law. *Piotrowski*, 237 F.3d at 576. Under federal law, the cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."

*Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). There is one critical qualifier relevant to this case: when the plaintiff realizes that he sustained harm from the tortious act, the cause of action has accrued, even if the plaintiff later discovers that his injuries are worse than he originally thought. *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229, 232–33 (5th Cir. 1984); *see also Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) (holding that a slip-and-fall claim under the Federal Tort Claims Act was time-barred when the plaintiff, who experienced severe pain immediately after the fall, filed suit within one year of learning the true nature and extent of her injury but more than two years after the fall); *McNeese v. Cook*, 114 F.3d 1181, 1997 WL 256696, at *1 (5th Cir. 1997) (unpublished) (citing *Albertson* and holding that a prisoner's Section 1983 claim stemming from the use of tear gas to control a prison riot accrued on the date of the riot, when he first suffered eye pain, and not on the date on which he learned how serious the eye injuries were).

Assuming that Juarez did indeed deposit a complaint in the prison mailing system on August 27, 2012, then his lawsuit was still untimely unless his claim accrued after August 27, 2010. As previously mentioned, Juarez fell off of the ladder on April 3, 2008; and he admits that he immediately suspected that he was injured and sought medical treatment (Dkt. 32 at p. 7). Even if the date of the fall is not the proper date of accrual, the latest possible accrual date is September 14, 2009. Juarez knew that he had sustained serious injuries on September 14, 2009, because that was the date on which he was "medically transferred for [his] first spinal surgery" (Dkt. 32 at p. 7). Both of those dates are long before August 27,

2010. In his response to the Court's show cause order, Juarez does not argue for either a later accrual date or tolling of the limitations period; rather, he simply states that he has "had a lot of pain & suffering since the date of April 3, 2008 [when he] fell from the ladder due to the negligents [sic] of Mr. Anderson" (Dkt. 35). If anything, Juarez's response confirms that the proper accrual date is April 3, 2008.

Based on the foregoing, this case is **DISMISSED WITH PREJUDICE** as barred by the applicable statute of limitations. Time-barred *in forma pauperis* claims are properly dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gonzales*, 157 F.3d at 1019–20. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on ___May 31___, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE